THE RECTOR, CHURCH WARDENS, AND VESTRYMEN OF THE SWEDISH EVANGELICAL LUTHERAN CHURCH IN THE TOWN OF SWEDESBOROUGH, NEAR RACCOON CREEK, *vs.* CHARLES P. SHIVERS.

| 16 | 453 |
| 51 | 630 |
| 16 | 453 |
| 55 | 53 |
| 55 | 105 |
| 55 | 462 |
| 16 | 453 |
| 62 | 675 |

1. Where there is uncertainty as to the extent of the responsibility of a party from whom rent is sought to be recovered, a court of equity will maintain jurisdiction of a suit for its recovery.

2. A bill is not demurrable for want of proper parties, when all the persons whose rights are to be affected by the decree are joined.

3. A change in the ecclesiastical relation of a church for whose benefit property is held in trust, does not necessarily involve any perversion of the trust, or diversion of the fund from its legitimate purpose.

4. An objection to a suit that the amount involved is too trivial to justify the court in taking cognizance of it, may be taken advantage of by special motion to dismiss the bill, or the court may of its own motion at the hearing, order the bill to be dismissed.

5. If a suit have no other object than the mere recovery of a sum of $1.75, the bill will be dismissed; but if it seeks to establish a right of a permanent and valuable nature, it falls within the recognized exceptions to the general principle, and the court will maintain jurisdiction.

*Kingman*, for the defendant, in support of the demurrer. The bill is defective on three grounds.

1. Want of necessary parties.
2. Want of certainty.
3. The complainants have full and complete remedy at law.

The bill is not only defective for want of necessary parties, but it contains irrelevant and impertinent matter. It sets out a great many different conveyances to different parties.

The complainants do not claim any certain amount. They show that the lot in question has been subdivided, and that it is held in three shares, without showing how much is due upon the share held by the defendant.

The bill shows that the complainants have a right to recover at law. The charter gives a right of distress. An action on the case would lie. They may recover in justices' court.

*Carpenter*, for the complainants, *contra*.

The question involves large interests and a great amount of property. The whole town of Swedesborough is held under ground rents.

The Swedish church have affiliated with Episcopal church. It is now known as Trinity Church of Swedesborough. Under that name it has collected mortgages. The bill states the continuance of the corporation to this date.

There is no want of parties. The bill seeks to recover only the rent charged upon the land owned by the defendant. The part held by him is precisely described.

As to want of certainty. The complainants cannot state the precise sum. They call for an account to ascertain what that sum is. It is the uncertainty that sends them here. They come here on that very ground. 1 *Story's Eq. Jur.*, § 684; *Benson* v. *Baldwyn*, 1 *Atk.* 598; *Livingston's Ex'rs* v. *Livingston*, 4 *Johns. Ch. R.* 287, 290.

As to remedy at law. The complainants connot sue in an action at law. No action for use and occupation would lie against the defendant. The fee is in him.

In an action at law, the complainants would be compelled to show the share that Shivers would be obliged to pay.

The complainants do not ask any precise sum. They ask Shivers to admit what is true, and to permit them to prove other facts to establish, as far as may be, their rights.

If the Swedish church has merged in, or affiliated with the Episcopal church, and if the trust is diverted, this defendant cannot set it up.

THE CHANCELLOR. The complainants, by their bill, set forth that on or about the twenty-fifth of October, A. D. 1765, they were incorporated by letters patent under the seal of the then province of New Jersey, in the name and under the authority of the King of Great Britain, and that they have continued a body corporate, and have acted and been recognized as such, to the present time. That by their charter of incorporation they were, among other things, invested with power to take, hold, and enjoy all lands, tenements, and hereditaments, corporeal and incorporeal, given, granted, or devised for the use of the said church or parsonage of the town of Swedesborough, and to sell or dispose of the same in fee or for life, under certain yearly rents. And that being seized and possessed in fee of certain lands in the town of Swedesborough, which had been granted to the said church and corporation, for the support and maintenance of the minister thereof, on or about the twenty-fifth of March, A. D. 1768, they sold and conveyed in fee to divers persons, certain parcels of the said lands, in consideration of certain yearly rents reserved to the said corporation, in and by the said deeds to be held in fee, subject to the payment by the grantees, their heirs or assigns, of the annual rent in the said deed specified.

That, on or about the twenty-fifth of April, 1791, the said corporation, by deed, sold and conveyed to Samuel Ogden, in fee, a lot of one acre, in consideration of the yearly rent of twenty-five shillings, reserved to be paid to said corporation for ever. That the said lot has been divided and subdivided by conveyances from those holding under said Ogden. That

on the fifteenth of March, 1848, a part of said lot, described by metes and bounds, was conveyed by Turner Risdon and wife to the defendant, subject to an annuity or ground rent, payable to the rector and church wardens of Swedesborough church (meaning the complainants), and that it was subject to a proportionate part of the ground rent reserved in the conveyance to Ogden.

That on the third of February, 1853, Shivers conveyed part of said lot, in fee, to one Malachi C. Horner, by metes and bounds, subject to an annuity or ground rent, payable on the twenty-fifth day of March, in each year, to the rector, church wardens, and vestrymen of the present Episcopal church at Swedesborough (meaning thereby to describe the aforesaid corporation). That the liability of the said land for the ground rent reserved, was acknowledged in the deeds and paid by the owners of the lots, respectively, into which the same became subdivided, from the time of the original grant till the time of the conveyance to the defendant, and that the rent was paid by him until the year 1858. But that since that time he has refused to pay any part thereof, and declares his intention to test the right of the complainants to recover the same. And that from inability to produce the deeds under which the defendant claims, and for want of certainty as to the proportion of ground rent properly chargeable on the lot held by the defendant, the complainants are unable to proceed at law.

The bill prays that the defendant may disclose and set forth the title to the lot conveyed to him, and under which he holds the same, and may admit the rent; and that the true apportionment of the annual rent chargeable upon the defendant's land may be ascertained and settled, and that an account may be taken of the rent in arrear, and that the defendant may be decreed to pay the same.

To this bill there is a general demurrer, for want of equity.

1. It is urged that the bill cannot be sustained because the complainants have a complete and adequate remedy at law.

But inasmuch as the defendants have a fee in the land, and a recovery must be had upon the deed, the complainants cannot safely proceed at law, until the sum for which the defendant's land is liable, is ascertained. This object the complainants' bill seeks to accomplish. Where there is uncertainty as to the extent of the responsibility of the party from whom the rent is sought to be recovered, courts of equity will maintain jurisdiction. 1 *Story's Eq. Jur.*, § 684; *Livingston's Ex'rs* v. *Livingston*, 4 *Johns. Ch. R.* 287.

2. There is no want of proper parties. The bill seeks to recover only the rent charged upon the land owned by the defendant. That is defined by strict metes and bounds. The right of no other land owner can be affected by the decree. The bill does not ask an apportionment of the rent among the different owners, nor seek to settle any question of boundary or conflicting right.

3. A change in the ecclesiastical relation of the church, for whose benefit the property is held by the complainants, does not necessarily involve any perversion of the trust, or diversion of the fund from its legitimate purpose. There is nothing upon the face of the bill to warrant the inference that the fund is not applied in strict accordance with the terms of the trust. If the fact were otherwise, it could constitute no defence in this suit. The bill alleges that the complainants are the same corporation with that by whom the land was originally granted, and in whose favor the rent was reserved. They are the trustees of the fund, and are authorized to enforce its collection. Its due appropriation is a matter which concerns the *cestui que trusts* alone, and cannot be inquired into in this action.

4. The objection that the value of the suit is too trivial to justify the court in taking cognizance of it, though not specially assigned as a ground of demurrer, may be taken advantage of by special motion to dismiss the bill, or the court may, of its own motion at the hearing, order the bill to be dismissed upon this ground. *Mosely's R.* 47, 356; *Brace* v. *Taylor*, 2 *Atk.* 253; *Cooper's Eq. Pl.* 166.

By Lord Bacon's ordinances (Rule 15), all suits under the value of ten pounds are regularly to be dismissed. *Beames' Orders in Chan.* 10.

These rules bear the character of original constitutional ordinances for the government of the practice of the court. *Moore* v. *Lyttle*, 4 *Johns. Ch. R.* 184.

The rule in question is founded in reason and policy. Its design is to prevent expensive and mischievous litigation, which can result in no real benefit to the complainant, but which may occasion delay and injury to other suitors. Courts of equity sit to administer justice in matters of substantial interest to the parties, not to gratify their passions, or to foster a spirit of vexatious litigation. If the suit had no other object than the mere recovery of the amount which is the subject of controversy, the bill should be dismissed. But the bill in this case is not filed for the mere recovery of the amount now claimed to be due. It seeks also to establish a right of a permanent and valuable nature, and falls therefore within the recognized exceptions to the rule. *Beames' Orders* 10, *note* 33; *Story's Eq. Pl.*, § 500, 501.

The demurrer is overruled.